UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO AVILES, SR., | : | |
| Petitioner | : | CIVIL ACTION NO. 1:23-1851 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

# O R D E R

Pending before the court is the report of Magistrate Judge Susan E. Schwab which recommends that the instant action be dismissed. (Doc. 10). No objections have been filed by the plaintiff.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

A more complete background of the instant action has been provided by Judge Schwab in her report and need not be repeated herein. Suffice it to say that the petitioner, currently an inmate at the United States Penitentiary, Lompoc, California, ("USP-Lompoc"), has filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he appears to be challenging his conviction here in the Middle District of Pennsylvania.

Upon review of the petition, Judge Schwab found that, to the extent the action is brought pursuant to §2241, this court lacks jurisdiction over the matter, as the petition must be filed in the district where the petitioner is currently incarcerated, i.e., the Central District of California. Moreover, Judge Schwab found that, to the extent the petitioner is challenging his conviction here in the Middle District, he must generally do so by way of a motion under 28 U.S.C. §2255. He cannot proceed under §2241 unless he demonstrates that §2255 is inadequate or ineffective to test the legality of his detention. The petitioner has not made this demonstration, but simply raises claims of wrongdoing at his trial. Aside from this, Judge Schwab notes that the petitioner has already filed a §2255 motion which was denied. The petitioner

cannot file a second or successive §2255 motion without a showing of newly discovered evidence or a new rule of constitutional law. The petitioner has made no such showing. Therefore, Judge Schwab recommends that the instant petition be dismissed.

The petitioner has failed to file any objections to Judge Schwab's report and recommendation.  Upon review of the report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Schwab to her conclusions. As such, the court will adopt the report and recommendation in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Schwab **(Doc. 10)** is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

**(2)** The instant petition is **DISMISSED** for lack of jurisdiction or, in the alternative, as a second or successive §2255petition.

- 4 -

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 12, 2024**
23-1851-01